Being unable to agree with the majority, I respectfully dissent.
The majority concludes the trial court erred in its interpretation of R.C. 5731.06 by requiring the inclusion of the value of real estate in the decedent's estate that had been transferred ten years prior to death without the express retention of a life estate.
The majority appears to be amending the subject statute by requiring a showing of some legally enforceable right on the part of the decedent, in order to qualify the property for inclusion in the estate for tax purposes. The statute, R.C.5731.06 contains no such requirement. The major requirement for invoking the application of the statute is a showing of continued possession or enjoyment of the premises. It is clear from the stipulation of the parties that a gift of the property was made with retained possessory rights continuing until the death of the mother ten years after the conveyance. The majority concludes that Grace Fracasso retained no interest in 100 LeLand Avenue after she gave it to her children in fee simple. This observation is correct insofar as legal title. It ignores, however, the actual right of enjoyment retained by Grace Fracasso and thus begs the issue. The record, including stipulations, reveals there was at least an implied understanding at the time of the gift that decedent would live in the premises until death. Possession or enjoyment of the property is retained when there is an express or implied understanding to that effect among parties at the time of the transfer. The length of the decedent's occupancy and the sale of the property one month after her death points to the obvious conclusion that the children of the decedent had no intention of occupying the house or selling it until after their mother's death. In essence, the record shows an understanding between decedent and children at the time of the gift resulting in the retention of beneficial possession and enjoyment of the property within the literal meaning of R.C. 5231.06.
While there is a paucity of case law on the subject in Ohio, federal case law, interpreting an analogous federal statute, IRC § 2036(a), is instructive. In Estate of Maxwell v. IRS (C.A.2, 1993), 3 F.3d 591, 593 the court, confronted with a similar case, stated:
 * * * [W]here property is disposed of by a decedent during her lifetime but the decedent retains "possession or enjoyment" of it until her death, that property is taxable as part of the decedent's gross estate, unless the transfer was a bona fide sale for an "adequate and full" consideration. 26 U.S.C. § 2036. * * *
* * *
 * * * In numerous cases, the tax court has held, where an aged family member transferred her home to a relative and continued to reside there until her death, that the decedent-transferor had retained "possession or enjoyment" of the property within the meaning of § 2036. * * * § 2036(a) requires that the fair market value of such property be included in the decedent's estate if he retained the actual possession or enjoyment thereof, even though he may have had no enforceable right to do so. * * *
It is clear from the Maxwell case, and similar cases decided by the United States Tax Court, that central to the issue of taxing the property is the decedents continued possession and enjoyment of the property. It is not necessary that a beneficial occupant of the property retain enforceable legal rights in the property. And whether any special rights exist contrary to the implied understanding of gratuitous possessary rights, the burden is on the grantees of the title to the property to establish such an understanding.
The transfer of the property without consideration, and the long term occupancy of the property until death, compels a conclusion, as made by the trial court, that the ultimate transfer of the interest is upon death, compelling as a consequence of the statute, a taxing of this property in the decedent's estate.
The majority, in finding reversible error, has misapplied the facts and in effect amended the statute in question by requiring matters not included in the statute. I would affirm the decision of the trial court and therefore dissent.